UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TIRAM LEWIS,
a/k/a Sir Terrence Mayfield,
a/k/a/ Hon. Israel Saladin-Selassie,

        Plaintiff,

v.

COCA-COLA ENTERPRISES,
INC.,

        Defendant.

Case No. 1:12-cv-164

Honorable Robert Holmes Bell

**MEMORANDUM OPINION**

        This is a civil action brought *pro se* by plaintiff against his former employer. The lawsuit arises out of the termination of plaintiff's employment in 2007. It appears that plaintiff is attempting to assert a claim for breach of contract under Michigan law, as his claim is labeled "Breach of Contract." The only legal authority he cites is Michigan's six-year statute of limitations for breach of contract claims. MICH. COMP. LAWS 600.5807(8). Plaintiff invokes a provision of the collective bargaining agreement between "Teamsters Local 406 and Coca-Cola Enterprises." He states that an "occurrence" took place on April 17, 2007, and that defendant failed to terminate his employment "within seven calendar days after knowing or [it] reasonably should have known of the occurrence." Plaintiff seeks damages.

        The matter is now before the court on defendant's motion to dismiss. (docket # 9). Plaintiff has filed his response. (docket #s 12, 14). Upon review, defendant's motion will be granted and plaintiff's complaint will be dismissed with prejudice.

**Plaintiff's Allegations**

Plaintiff alleges that defendant terminated his employment on May 1, 2007. He states that he received notice of his termination through a letter delivered on May 3, 2007. He alleges that he filed a grievance on May 10, 2007.

Plaintiff states that there is a collective bargaining agreement between defendant and Teamsters Local 406. According to plaintiff, "Article XXII section 2" of the contract established time limits for the company to take disciplinary action against an employee.[1]

**Discussion**

Defendant asks the court to dismiss plaintiff's complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure on three independent grounds: (1) plaintiff's purported state-law claim for breach of a provision of the collective bargaining agreement is preempted by section 301 of the Labor Management Relations Act ("LMRA"): (2) plaintiff has not alleged facts sufficient to support a hybrid section 301 claim against defendant; and (3) in any event, plaintiff's claim is barred by the six-month statute of limitations. Defendant's arguments are well-founded and the motion to dismiss will be granted.

Section 301 preemption is broad. It preempts all state law claims that arise from, and are substantially dependent upon, an interpretation of the underlying collective bargaining agreement. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985); *Mattis v. Massman*, 355 F.3d 902, 905 (6th Cir. 2004). The purpose of this preemption is to ensure uniformity and to "prevent inconsistent interpretations of the substantive provisions of collective bargaining agreements."

---

[1] The contract provision cited by plaintiff imposed no such restriction on defendant. It established *plaintiff's* limited period for filing a grievance. (docket # 9-3 at ID# 70).

*Smolarek v. Chrysler Corp.*, 879 F.2d 1326, 1329 (6th Cir. 1989) (*en banc*). Plaintiff's purported state-law claim for breach of a provision of a collective bargaining agreement is preempted by section 301 of the LMRA.

Plaintiff has not alleged facts sufficient to support a hybrid section 301 claim against his former employer. "A hybrid § 301 suit implicates the interrelationship among a union member, his union, and his employer." *Garrish v. UAW*, 417 F.3d 590, 594 (6th Cir. 2005). A hybrid claim under section 301 has two elements: breach of a collective bargaining agreement by the employer and breach of the duty of fair representation by the union. *See Garrison v. Cassens Transp. Co.*, 334 F.3d 528, 538 (6th Cir. 2003). To state a hybrid claim under section 301, a plaintiff must allege a breach of the collective bargaining agreement by the employer and bad faith, arbitrary, or perfunctory handling of the grievance by the union such that an inference of a breach of duty can be raised. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983). Plaintiff's complaint fails to state a claim under section 301, because he had not alleged any facts indicating that the union breached its duty of fair representation.[2] *See Garrish*, 417 F.3d at 594; *Garrison*, 334 F.3d at 538; *see also Simoneau v. General Motors Corp.*, 85 F. App'x 445, 448 (6th Cir. 2003) (A complaint that fails to allege that the union breached its duty of fair representation "fail[s] to allege an essential element of a hybrid § 301 claim.").

A six-month statute of limitations applies to hybrid section 301 claims. *See Garrish*, 417 F.3d at 594 (citing *Del Costello*, 462 U.S. at 169). Plaintiff filed his complaint on February 24, 2012, years after the six-month statute of limitations had expired.

---

[2] A plaintiff bringing a hybrid section 301 claim may elect to sue either the employer, or the union, or both. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. at 165.

## Conclusion

For the reasons set forth herein, defendant's motion will be granted and a judgment will be entered dismissing all plaintiff's claims with prejudice.


Date:   March 21, 2013                    /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE